NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2012[*]
Decided May 10, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3429

| | |
|---|---|
| SHAWN M. DAVIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 3:10CV284 PPS |
| BELINDA SCHROEDER and CRAIG | |
| SWANSON, | Philip P. Simon, |
| *Defendants-Appellees.* | *Chief Judge.* |

### O R D E R

Shawn Davis, a pretrial detainee, appeals from the grant of summary judgment against him in this suit under 42 U.S.C. § 1983, claiming that jail officials violated his right to due process when they placed him in segregation without a hearing. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Davis was arrested, charged with theft, and booked in the St. Joseph County Jail in South Bend, Indiana. Because of a prior assaultive felony conviction and past behavior at the jail, including harassment of a jail officer and battery of another inmate, Deputy Craig Swanson classified Davis as warranting maximum security. He did so after employing the Northpointe Decision Tree Objective Jail Inmate Classification System, which jails across the country use in order to classify inmates by security level. Jail officials adopted Swanson's classification and placed Davis in maximum security—segregating him from the general prison population and allowing him to leave his cell only for court appearances, medical care, and one hour of recreation per day.

In accordance with jail procedures, Deputy Belinda Schroeder reviewed Davis's classification level after one month. Because Davis did not exhibit behavior problems while in segregation, Schroeder reclassified him at a "medium high" security level, and Davis joined the jail's general population.

Davis then sued Schroeder and Swanson, alleging that their placing him in segregation violated his constitutional rights. He suggested that these officers changed his classification as a pretext to retaliate against him for a prior lawsuit he had filed against other officers or to discriminate against him based on his race. He also suggested that his segregation constituted punishment without due process of law.

The district court granted summary judgment for the defendants, finding uncontradicted the defendants' affidavits that Davis was placed in segregation based on his criminal history and past disciplinary problems at the jail—considerations that constituted a legitimate basis for separating him from other prisoners. And because his segregation did not constitute punishment, the court found no due process violation in his not being afforded a hearing.

Davis's argument on appeal is difficult to parse, but he seems to suggest that the district court erred in finding no evidence that his segregation was intended to punish him. He appears to think that his security classification constituted punishment because it was based on his past crimes and misbehavior at the jail.

The district court correctly granted summary judgment because Davis presented no evidence (1) to contradict the defendants' sworn affidavits that his segregation was nonpunitive or that his classification was not based on animus, or (2) to show that his criminal and institutional history should have yielded a different classification. Although Davis is correct that a pretrial detainee may not be punished without due process, *see Bell v. Wolfish*, 441 U.S. 520, 535 (1979), no process is required when a pretrial detainee is segregated to protect jail staff and other prisoners from his violent propensities, *see Higgs v.*

*Carver*, 286 F.3d 437, 438 (7th Cir. 2002); *Zarnes v. Rhodes*, 64 F.3d 285, 291–92 (7th Cir. 1995). The district court therefore did not err in finding that Davis was not entitled to a hearing.

AFFIRMED